UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at LONDON)

| | |
|---|---|
| JASON BEST, | ) |
|     Petitioner, | ) Civil Action No. 6: 13-254-DCR |
| V. | ) |
| J.C. HOLLAND, Warden of USP-McCreary, | ) **MEMORANDUM OPINION AND ORDER** |
|     Respondent. | ) |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Jason Best ("Best") is an inmate currently confined in the United States Penitentiary-McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Best filed a petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the legality of his federal conviction.[1] [Record No. 1] However, because a § 2241 petition is not the proper avenue for obtaining the relief sought, his petition will be denied.

**I.**

In July 2002, a federal jury in Indiana found Best guilty of five drug-related offenses, including one count of conspiracy to distribute crack cocaine, two counts of possession with intent to distribute crack cocaine, and two counts of maintaining a place for distribution of crack cocaine. [*See United States v. Jason Best,* Criminal Action No. 2:00-CR-171 (N.D. Ind. 2000).] In 2004, Best was sentenced to life

---

1     The Clerk of the Court will be directed to substitute J.C. Holland, Warden of USP-McCreary, for Shannon Withers, Acting Warden of USP-McCreary, as the Respondent in this proceeding.

imprisonment on the conspiracy count, as well as terms of imprisonment ranging from 240 to 480 months on the other four counts — all to be served concurrently. [*Id.*, at Record No. 554 therein]

Best appealed his sentence, arguing that his trial counsel had been ineffective. However, the Seventh Circuit Court of Appeals rejected his arguments and affirmed Best's conviction and sentences, holding that Best could not demonstrate that his counsel's alleged failings caused him any prejudice because of the "overwhelming evidence" that the government had presented against him, including testimony from twenty-one witnesses. *United States v. Best,* 426 F.3d 937, 944-47 (7th Cir. 2005).

Best later moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The trial court denied the motion, declining to address Best's ineffective-assistance-of-counsel claims because the Seventh Circuit had already rejected them on direct appeal. *United States v. Jason Best,* Criminal Action No. 2:00-CR-171, 2008 WL 4414686, at *4 (N.D. Ind., Sept. 22, 2008). On December 16, 2013, Best filed the current petition for habeas relief under § 2241. [Record No. 1]

## II.

The Court conducts an initial review of habeas petitions. *See* 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). It must deny a petition "if it plainly appears from the [filing] and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). Because Best is not represented by an attorney, the Court evaluates his petition

under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Best's factual allegations as true, and construes all legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Best contends that he is "actually innocent" of the two counts of the indictment charging him with possession of crack cocaine with the intent to distribute (Counts 2 and 3) and that his trial attorneys were ineffective and denied him compulsory process when they failed to call his cousin, Dennis Best, as a witness during trial. According to Best, Dennis Best was charged in state court with the same offense of possession with intent to distribute the same drugs that were the subject of Counts 2 and 3 of Best's federal Indictment. He maintains that his cousin Dennis Best pleaded guilty in state court to that charge. Best claims that if Dennis Best had been called as a witness at his trial, he would have testified that all of the drugs belonged to him and that Jason Best had no involvement with them. According to Best, this testimony would have demonstrated to the jury that he was "actually innocent" of these two counts.

Best's claim is not cognizable in this § 2241 proceeding. As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence, *i.e.*, the Bureau of Prisons' calculation of sentence credits or other issues affecting the length of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-

56 (6th Cir. 1999). The Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). Therefore, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241.

The "savings clause" in § 2255(e) provides a narrow exception to this rule. Under this provision, a prisoner is permitted to challenge the legality of his conviction through a § 2241 petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). This exception does not apply if a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756. A prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). However, a defendant may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756**.**

Here, Best has simply repackaged his ineffective-assistance-of-counsel claim (a claim he raised on direct appeal and in his § 2255 motion) as an "actual innocence" claim. But such a tactic is impermissible. *See Hodgson v. Warren*, 622 F.3d 591, 601 (6th Cir. 2010) ("[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). Indeed, several courts have explicitly rejected reliance on ineffective assistance of counsel to invoke § 2255's savings clause. *See, e.g., Ball v. Conner*, 83 F. App'x 621, 622 (5th Cir. 2003); *Coakley v. Tombone*, 67 F. App'x 248 (5th Cir. 2003).

Moreover, as the Sixth Circuit has previously explained, a prisoner generally must "show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause." *Enigwe v. Bezy*, 92 F. App'x 315, 317 (6th Cir. 2004). Best has pointed to no such change in the law. His habeas petition is nothing more than an attempt to get a third bite of the ineffective-assistance apple. Because Best has not established that his § 2255 motion was "inadequate or ineffective to test the legality of his detention," he has failed to demonstrate that he is entitled to proceed under § 2241.

### III.

For the reasons discussed above, it is hereby

**ORDERED** as follows:

1. The Clerk of the Court shall substitute J.C. Holland, Warden of USP-McCreary, for Shannon Withers, Acting Warden of USP-McCreary, as the Respondent in this proceeding.

2. Petitioner Jason Best's 28 U.S.C. § 2241 petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Respondent.

This 21st day of April, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge